IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANA MARIA LICERIO, § | |
| § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 4:21-cv-2540 |
| § | |
| FIESTA MART, LLC, § | |
| § | |
| *Defendant*. § | |

## ORDER

Pending before the Court is Defendant Fiesta Mart, LLC's ("Defendant" or "Fiesta Mart") Amended Motion for Summary Judgment (Doc. No. 16). Plaintiff Ana Maria Licerio ("Plaintiff" or "Licerio") has not responded to the motion. Having considered the briefings and applicable law, the Court hereby **GRANTS** Defendant's Amended Motion for Summary Judgment.

### I.   Factual & Procedural Background

This case centers on a premises liability slip and fall claim that took place at a Fiesta Mart grocery store. Plaintiff initially filed this lawsuit in the 55th Judicial District Court of Harris County and Fiesta Mart removed this case to this Court. (*See* Doc. No. 1). The facts pled in Plaintiff's Original Petition are scant at best. In that petition, Plaintiff alleges that she was shopping when she "slipped and fell on a liquid" that caused her to "suffer severe injuries to her knees, back and other parts of her body." (Doc. No. 1-2 at 3).

Fiesta Mart filed its original Motion for Summary Judgment on January 3rd, 2023 (Doc. No. 12). Plaintiff responded in opposition (Doc. Nos. 13, 14), Fiesta Mart replied (Doc. No. 18), and Plaintiff filed a surreply (Doc. No. 19). On March 1st, Fiesta Mart filed a Motion for Leave to File an Amended Motion for Summary Judgment (Doc. No. 15) and filed the Amended Motion for Summary Judgment on the docket as a separate entry (Doc. No. 16), despite not receiving leave

from this Court to do so. Plaintiff did not respond in opposition to Fiesta Mart's Motion for Leave. This Court granted Fiesta Mart's Motion for Leave on April 20th, 2023 (Doc. No. 20). The operative motion for summary judgment is thus Fiesta Mart's Amended Motion for Summary Judgment, filed at Docket Entry 16.

In this Amended Motion for Summary Judgment, Fiesta Mart argues that Plaintiff lacks summary judgment evidence that: (1) the liquid on the floor was unreasonably dangerous; (2) Fiesta Mart did not exercise reasonable care to reduce or eliminate the risk of harm; and (3) the water on the floor was an open and obvious condition.[1] (*See* Doc. No. 16). Plaintiff has not responded in opposition to Fiesta Mart's Amended Motion for Summary Judgment in a timely manner and the time to do so has passed.

## II.   Legal Standards

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact

---

[1] The Court will not be addressing Fiesta Mart's alternative open and obvious arguments because, as pleaded, it is not a recognized as a complete defense that precludes recovery under Texas law. *See Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 520 (Tex. 1978) (holding that something being open and obvious does not necessarily preclude recovery, nor should it be "confused with plaintiff's initial and separate burden to prove knowledge of danger on the part of the owner"). Even if the facts display the alleged danger openly and obviously, this is "a matter that bears upon [a plaintiff's] own negligence; it should not affect the defendant's duty." *Id.* at 521.

2

is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III.   Analysis

#### A. Plaintiff's Lack of Response to Fiesta Mart's Amended Motion for Summary Judgment

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge 21 days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. *Id.*

Fiesta Mart filed its Motion for Leave to File an Amended Motion for Summary Judgment on March 1st, 2023. (Doc. No. 15). Although it had not been granted leave from this Court, Fiesta Mart also filed its proposed Amended Motion for Summary Judgment (Doc. No. 16) on the docket as a separate entry instead of as an attachment to its Motion for Leave the same day. (*Id.*). This Court granted Fiesta Mart's Motion for Leave to file its Amended Motion for Summary Judgment on April 20th, 2023. (Doc. No. 20). Since that Order, Plaintiff has not responded to Fiesta Mart's Amended Motion for Summary Judgment and 21 days have passed.

The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). A non-movant's failure to respond to a motion for summary judgment does not entitle the movant to summary judgment. *Retzlaff v. de la Vina*, 606 F.Supp.2d 654, 656 (S.D. Tex. 2009) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). Instead, a court may accept the movant's evidence as undisputed and may enter a judgment in the movant's favor if summary judgment evidence establishes a prima facie showing of the movant's entitlement to judgment. *Id.* Therefore, a dismissal pursuant to the local rules based solely on Plaintiff's failure to respond to Fiesta Mart's Amended Motion for Summary Judgment would be improper. Accordingly, the Court will address the merits of Fiesta Mart's arguments from its motion below.

### B. Whether Plaintiff's Claims Stem from a Premises Liability or Negligence

There are two negligence-related theories upon which a plaintiff may recover from a premises owner: general negligence and negligence based upon premises liability. Although a person injured on another's property may have either a negligence claim or a premises liability claim against the property owner, the two are distinct causes of action and require plaintiffs to prove different, albeit similar, elements to secure judgment in their favor. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). When an injury is the result of a contemporaneous, negligent activity on another's property, ordinary negligence principles apply. *Id.* In such a case, a person must prove negligence, proximate cause, and damages. When the injury is the result of the property's condition rather than an activity, premises liability principles apply. *Id.* The required burden of proof in this area is discussed below.

Fiesta Mart argues that because Plaintiff alleges that she suffered injuries when she slipped and fell on liquid while at the store, there was no contemporaneous, negligent activity necessary for a negligence cause of action. (Doc. No. 16 at 2). Thus, Fiesta Mart argues that Plaintiff's claims are "solely in premises liability." (*Id.*). This Court agrees. Plaintiff has only pled a premises liability claim, not one based upon a negligent activity. Although Plaintiff's Petition includes a section with a subheading titled "VI. Plaintiff's Claim of Negligence Against Fiesta Mart, LLC" the elements described in this section are that of a premises liability claim only, not for general negligence. (*Id.*).

To succeed on a premises liability claim, an invitee must prove four elements: (1) actual or constructive knowledge of a condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) that the owner's failure to use such care proximately caused the plaintiff's injury. *Diez v. Alaska Structures, Inc.*, 455 S.W.3d 737, 742 (Tex. App.—El Paso 2015, pet. aff.).

Given that Plaintiff has only pled a premises liability claim, Fiesta Mart argues that Plaintiff does not have evidence to raise a fact issue with respect to several of the elements of that cause of action. (Doc. No. 16). Specifically, Fiesta Mart contends that Plaintiff lacks evidence of: (1) the existence of an unreasonably dangerous condition of the premises; and (2) Fiesta Mart failed to exercise reasonable care. (*Id.*).

### C. Whether the Condition was Unreasonably Dangerous

Fiesta Mart argues that it is entitled to summary judgment because Plaintiff lacks evidence that the liquid on the floor was unreasonably dangerous. (Doc. No. 16 at 3). Fiesta Mart maintains that a small amount of water on the ground does not present an unreasonable risk of harm. To

support this contention, Fiesta Mart cites to Plaintiff's deposition, where she testified that the amount of liquid on the ground was not noticeable until after her fall. (Deposition of Ana Maria Licerio, Doc. No. 16-2 at 32:1-18). Plaintiff did not respond to Fiesta Mart's Amended Motion for Summary Judgment, so she has presented no evidence to the contrary.

A condition is not unreasonably dangerous simply because it is not foolproof. *See Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007). A condition poses an unreasonable risk of harm when there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen. *Cohen v. Landry's Inc.*, 442 S.W.3d 818, 827 (Tex. App.—Houston [14th Dist.] 2014, pet. aff.). A determination of whether a particular condition poses an unreasonable risk of harm is generally fact specific and there is no definitive, objective test that may be applied to determine whether a specific condition presents an unreasonable risk of harm. *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 647 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Evidence of other falls attributable to the same condition or evidence of the defectiveness of the condition could be probative but not conclusive on this element. *Dietz v. Hill Country* Restaurants, 398 S.W.3d 761, 766 (Tex. App.—San Antonio 2011, pet aff.).

The Court finds that Plaintiff has failed to raise a genuine issue of material fact that the water on the ground posed an unreasonable risk of harm. Based on Plaintiff's own deposition testimony, the water on the ground was not noticeable until after her fall. Moreover, given that Plaintiff did not respond to Fiesta Mart's Motion for Summary Judgment, she has effectively waived those arguments and failed to present any evidence raising an issue of material fact that the water on the floor was an unreasonably dangerous condition. *See Kitchen v. BASF*, 952 F.3d

6

247, 253 (5th Cir. 2020) (holding any claims not raised in response to a motion for summary judgment are waived).

Accordingly, the Court finds that Plaintiff lacks sufficient evidence to create a genuine dispute of material fact that the water on the ground constituted an unreasonably dangerous condition on the premises.

### D. Whether Defendant Exercised Reasonable Care

Fiesta Mart also argues that Plaintiff lacks evidence to create an issue of material fact that it failed to exercise reasonable care to reduce or eliminate the risk. (Doc. No. 16 at 4). Specifically, Fiesta Mart contends that summary judgment evidence in the record shows that: (1) Defendant adequately warned Plaintiff of the presence of water on the ground; and that (2) it exercised reasonable care to reduce or eliminate the harm.

To support these contentions, Fiesta Mart cites to the deposition testimony of Carmen Amaya ("Amaya"), the Fiesta Mart staff member who was the housekeeping employee on duty and responsible for cleaning the aisle when Plaintiff fell. (Deposition of Carmen Amaya, Doc. No. 16-3 at 5:3-17). Amaya testified that she verbally warned Plaintiff that there was water on the floor. (*Id.* 5:21-24). Shortly after warning Plaintiff, Amaya testified that she went to another aisle to clean, but that she left her cleaning bucket in the aisle where Plaintiff was. (*Id.* at 6:4-14). The cleaning bucket was yellow with a "Caution" warning on it. (*Id.* at 9:10-18). Fiesta Mart also cites to Plaintiff's deposition, where she testified that she saw Amaya five steps ahead of her with a yellow cleaning bucket in the aisle where she fell. (Deposition of Ana Maria Licerio, Doc. No. 16-2 at 22:19-25). Plaintiff also admits in her deposition testimony that she was not paying attention while she was in the aisle before she fell. (*Id.* at 32:2-18). Based on this evidence, Fiesta Mart contends that Plaintiff received an adequate verbal warning from Amaya and through signage

7

displayed on the cleaning bucket and thus exercised reasonable care to reduce and eliminate the harm. Since Plaintiff did not respond to Fiesta Mart's Amended Motion for Summary Judgment, she has not presented arguments or summary judgment to the contrary.

Premises owners have a duty to protect invitees from, or to warn them of, conditions posing an unreasonable risk of harm if the owner knew of the condition, or in the exercise of reasonable care, should have known of them. *Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014). This requirement, however, is negated if the property owner either adequately warned the invitee about the condition or took reasonable actions designed to make it reasonably safe. *Id.* If the evidence establishes that the property owner adequately warned the injured party of the condition, then the property owner was not negligent as a matter of law. *Id.* To be adequate, a warning of a condition on the premises must be more than a general instruction such as "be careful"; the warning must notify the invitee of the particular condition. *Id.* at 252.

This Court finds that Plaintiff has failed to raise an issue of material fact that Fiesta Mart did not exercise reasonable care to reduce or eliminate the risk. Based on Amaya's deposition testimony, the water on the ground was actively being addressed by the store's housekeeping staff. By both issuing a verbal warning to Plaintiff that there was water on the floor and displaying signage through the cleaning bucket and cart, which was yellow and labeled with a warning sign to show that the floor was wet. Further, given that Plaintiff did not respond to Fiesta Mart's Amended Motion for Summary Judgment, she has waived this argument and failed to present any summary judgment evidence to create an issue of material fact. *See Kitchen*, 952 F.3d at 253.

Accordingly, this Court finds that Plaintiff lacks sufficient evidence to create a genuine dispute of material fact that Fiesta Mart failed to exercise reasonable care to reduce or eliminate the risk.

## IV.   Conclusion

As previously discussed, Plaintiff fails to raise an issue of material fact that the water on the ground was an unreasonably dangerous condition or that Fiesta Mart failed to exercise reasonable care to reduce or eliminate the risk.

Moreover, Plaintiff failed to respond to Fiesta Mart's Amended Motion for Summary Judgment in a timely manner. Accordingly, Plaintiff has both waived these arguments and failed to bring forth sufficient summary judgment evidence to raise an issue of material fact on either a theory of liability, unreasonably dangerous condition, and failure to reduce or eliminate the risk; therefore Fiesta Mart's Motion must be granted.

For the foregoing reasons, this Court hereby **GRANTS** Fiesta Mart's Amended Motion for Summary Judgment (Doc. No. 16). This case is hereby dismissed with prejudice.

Signed at Houston, Texas, this 26th day of June, 2023.

Andrew S. Hanen
United States District Judge